UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : No.   2:19-cr-00151-7 |
| | : |
| JOEL JAVIER, | : |
|           Defendant. | : |

_____

**O P I N I O N**
Motion for Reduction, ECF No. 506 – Denied and Dismissed

**Joseph F. Leeson, Jr.**                                                                                                                  July 24, 2024
**United States District Judge**

I.      **INTRODUCTION**

      Defendant Joel Javier is serving a 144-month sentence for felony drug charges. He has filed a motion for sentence reduction and/or home confinement pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) and pursuant to 18 U.S.C. § 3582(c)(2) based on the status points provision of Amendment 821. For the reasons set forth below, the motion is denied and dismissed.

II.     **BACKGROUND**

      In March 2022, Javier pled guilty to conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl and heroin, and to distribution of 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and heroin. These charges arose from Javier's participation in a large-scale drug trafficking organization. He was sentenced in June 2022 based on the joint recommendation of the parties to 144-months imprisonment, which was below the Guidelines range of 188 to 235 months. His Guidelines were calculated based on a total offense level of 31 and a criminal history category of VI. The criminal history

category resulted from a subtotal criminal history score of 14, plus 2 status points added pursuant to 18 U.S.C. § 4A1.1(d) (2015) because he committed the instant offenses while under a criminal justice sentence, resulting in a criminal history score of 16. Moreover, Javier is a career offender, which also resulted in a criminal history category of VI pursuant to 18 U.S.C. § 4B1.1(b).

Currently pending is Javier's *pro se* motion for sentence reduction. *See* Mot., ECF No. 506. Initially, Javier admits that he has not exhausted Bureau of Prison ("BOP") remedies but suggests exhaustion is unnecessary because the BOP does not have the authority to place inmates on home confinement. *See id.* 2. Alternatively, he argues the exhaustion requirement should be waived because seeking relief from the BOP would be futile, inadequate to obtain relief, and cause undue prejudice by delay.[1] *See id.* 3. Javier seeks a reduction based on "a holistic review of the circumstances of his case" and his rehabilitation. *See id.* 7-12, 15-16. He also claims that the judgment is unconstitutional because of vague supervised release conditions. *See id.* 12-13. Javier further relies on the status points provision of Amendment 821 to the Sentencing Guidelines to argue that he should receive a two-point reduction. *See id.* 13-14.[2] The Government has filed a response in opposition to the motion. *See* Resp., ECF No. 561. The Government asserts there is no basis for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because Javier has not presented extraordinary and compelling reasons, and the

---

[1] It appears that this portion of Javier's motion may have been copied from another inmate's motion because the alleged prejudice by delay refers to "her remaining eleven days of imprisonment, and the potential for serious health consequences." *See* Mot. 3.

[2] Javier requested the appointment of counsel, *see* Mot. 16, and a few days after his motion was filed, this Court referred the motion to the Federal Community Defender's Office for the Eastern District of Pennsylvania to screen and determine whether it would seek appointment to represent Javier for the purpose of pursuing a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), *see* ECF No. 507. The Federal Defender's Office subsequently informed this Court that it would not be seeking appointment.

statute does not authorize relief based on a legal challenge to the sentence. *See id.* 4-6. The Government argues that Javier is also ineligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 because the changes to the status points provision does not provide relief as Javier was sentenced as a career offender and, regardless, would have a criminal history category of VI even with a reduction because of the high number of criminal history points remaining. *See id.* 7-10.

## III. LEGAL STANDARDS

### A. Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) – Review of Applicable Law

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[3] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty (30) days to consider the request. After exhaustion, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18,

---

[3]   Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA") but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). The § 3553(a) sentencing factors include, but are not limited to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> . . .
> [4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
> . . .

18 U.S.C. § 3553(a). The Sentencing Commission issued a policy statement defining "extraordinary and compelling reasons" as: (1) medical conditions of the defendant; (2) health deteriorations in the defendant as a result of old age; (3) family circumstances; and (4) "other reasons" as determined by the Director of the Bureau of Prisons. *See United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (discussing USSG § 1B1.13 cmt. n.1).[4]

---

[4] The Commission's policy statement on compassionate-release motions at § 1B1.13 also requires the petitioner to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(2). Section 3142(g) provides:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—

B. **Motion to Reduce, 18 U.S.C. § 3582(c)(2) – Review of Applicable Law**

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821-22 (2010). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The Policy Statement in 18 U.S.C. § 1B1.10(a)(2)(B) explains that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n

---

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

In *Andrews*, the Third Circuit Court of Appeals held that because the policy statement in § 1B1.13 is limited to motions filed by the Director of the Bureau of Prisons, it is "not binding—for courts considering prisoner-initiated motions." *Andrews*, 12 F.4th at 259. Nevertheless, the descriptions of "extraordinary and compelling reasons" in the policy statements can guide a court's decision. *See id.* at 260. Additionally, "under *Andrews*, courts are not precluded from considering dangerousness, either by looking to § 1B1.13's policy statements for guidance or as part of the § 3553(a) sentencing factors." *United States v. Hurd*, No. 22-1084, 2022 U.S. App. LEXIS 33181, at *3 n.3 (3d Cir. Dec. 1, 2022).

amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

Application note 7 states that subsection (d) covers Parts A and B, Subpart 1 only, of Amendment 821. *See also United States v. Banks*, No. 19-431-3, 2024 U.S. Dist. LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024) ("Amendment 821 applies retroactively."). Part A to Amendment 821, which now appears in Section 4A1.1(e), altered the "status points" provision. *See* 18 U.S.C. § 4A1.1(e). The amended provision states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

## IV. DISCUSSION

### A. The motion for reduction based on compassionate release under 18 U.S.C. § 3582(c)(1)(A) is dismissed as unexhausted and denied as lacking merit.

Contrary to Javier's contention, exhaustion is required. *See* 18 U.S.C § 3582(c)(1)(A)(i) (allowing a court to reduce the term of imprisonment "upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . ." (emphasis added)). His suggestion that exhaustion would be futile because the BOP is incapable of affording adequate relief is without merit. To the contrary, to the extent Javier seeks release to home confinement, this Court lacks the authority to grant his request.[5] Javier's suggestion that exhaustion should be excused

---

[5] "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). "Once judicially committed to the custody of the BOP, the Attorney General, acting through the BOP, is responsible for calculating the duration and location of service of an offender's sentence." *Dennis v. Sage*, No. 4:24-CV-00059, 2024 U.S. Dist. LEXIS 79225, at *9 (M.D. Pa. May 1, 2024) (citing 18 U.S.C. § 3621(a), (b); 18 U.S.C. § 3624(c)). The "BOP has sole authority to determine which inmates to

because of the delay in pursuing administrative relief is also meritless.  *See United States v. Raia*, 954 F.3d 594, 596-97 (3d Cir. 2020) (holding that the risks COVID-19 poses in the federal prison system do not excuse the exhaustion requirement).  This Court therefore lacks jurisdiction to grant his motion to reduce pursuant to 18 U.S.C § 3582(c)(1)(A)(i).

Nevertheless, to avoid re-litigation of the motion, and because this Court does have jurisdiction pursuant to 18 U.S.C § 3582(c)(2), it has considered whether Javier has presented extraordinary and compelling reasons to warrant a reduction.  He has not.  This Court gave a "holistic review of the circumstances of his case" at the time of sentencing and evaluation of the 3553 factors has not changed.  Aside from good behavior during incarceration and purported rehabilitation, Javier has not pointed to any medical condition, health deteriorations as a result of old age, family circumstances, or any other proper reason.  *See, e.g. Andrews*, 12 F.4th at 260-61 (holding that the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance").  His suggestion that his judgment is unconstitutional, even if true, is not an extraordinary and compelling reason for compassionate release.  *See United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. 2021) (holding that a sentencing error may only be raised in a motion under 28 U.S.C. § 2255 and cannot qualify as an extraordinary and compelling reason for compassionate release); *United States v. Webb*, No. 09-755, 2022 U.S. Dist. LEXIS 11976, at *8 (E.D. Pa. Jan. 24, 2022) (rejecting the inmate's challenges to the

---

move to home confinement under 18 U.S.C. § 3624(c)(2)," *see United States v. Ramirez-Ortega*, No. 11-251, 2020 U.S. Dist. LEXIS 148629, at *8 (E.D. Pa. Aug. 14, 2020), and nothing in the CARES Act gives this Court the authority to transfer a prisoner to home confinement, *see* 18 U.S.C. § 3621(b)(5) (stating that the BOP's designation with regard to home confinement "is not reviewable by any court").  *See* Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  Section 12003 of the CARES Act allows *the Director of the Bureau of Prisons* to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2).  *See* CARES Act § 12003(b)(2).

legality of his conviction and sentence as a basis for compassionate release). Similarly, Javier's alleged rehabilitation, even if true, is not an extraordinary and compelling reason warranting compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *United States v. Barndt*, No. 22-2548, 2022 U.S. App. LEXIS 32803, at *4 (3d Cir. Nov. 29, 2022) (holding that "the District Court correctly concluded, and the statute is clear that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582"). Accordingly, Javier has failed to demonstrate an extraordinary and compelling reason for a sentence reduction pursuant to 18 U.S.C § 3582(c)(2).

### B. The motion for reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied because Amendment 821 affords no relief.

Applying the amended status points provision, Javier would receive 1 point because he committed the instant offenses while under a criminal justice sentence, as opposed to the 2 points he did receive. His criminal history points would therefore be reduced to 15. Criminal history points of 13 or more result in a criminal history category of VI. *See* Sentencing Table, Chapter 5, Part A. Moreover, Javier is a career offender regardless of his criminal history points, which also resulted in a criminal history category of VI pursuant to 18 U.S.C. § 4B1.1(b). Accordingly, Javier's criminal history category remains VI and his Sentencing Guidelines range is unchanged by the amended status points provision. Since his Sentencing Guidelines range is not lowered by Amendment 821, a reduction is not authorized by 18 U.S.C. § 3582(c)(2). *See United States v. Tate*, No. 24-1397, 2024 U.S. App. LEXIS 10949, at *3 n.4 (3d Cir. May 6, 2024) (determining that the defendant was not eligible for relief under § 3582(c)(2) because Amendment 821 to the Sentencing Guidelines, which reduced the number of criminal history status points one receives for committing an offense while on parole, did not change the defendant's criminal history

category and sentencing range, which were set by his designation as a career offender); *United States v. White*, No. 21-460, 2024 U.S. Dist. LEXIS 65208, at *7-8 (E.D. Pa. Apr. 10, 2024) (concluding that the defendant was ineligible for a sentence reduction under § 3582(c)(2) because the status points provision of Amendment 821, although reducing his criminal history points, did not reduce his criminal history category or Guideline range).

## V.     CONCLUSION

Javier, who failed to exhaust administrative remedies, does not allege to suffer from any medical conditions and his alleged rehabilitation and legal challenge to his judgment do not provide an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(2) also offers no basis for a reduction because Amendment 821 does not lower his Sentencing Guidelines range.  The motion for sentence reduction is therefore denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge